## FELLOWS *v.* WADSWORTH.

When a sheriff, on a writ against one of two copartners in trade in a store, by consent of the other copartner attaches the goods, takes pos-

session of the store, and makes such other copartner his keeper, the debtor is excluded from possession; and another officer, who, with another writ against the same debtor, and having knowledge of a subsisting attachment, by consent of the debtor enters the store and attaches the same goods, is liable in trespass to the keeper having possession under the first attachment.

TRESPASS, *qu. cl.*  Facts reported by a referee, and stated in the opinion.

*Leach & Stevens* (with whom were *Barnard & Barnard*), for the defendant.   The defendant's attachment was valid if not entitled to priority over the previous one.   Sheriff Flanders attempted to preserve his attachment by trusteeing the other partner, and went away leaving each partner in possession of his goods and keys, with no notice posted of any attachment.   According to our decisions, this was sufficient to preserve the attachment.   A second sheriff's right to make a subsequent attachment of the same interest in the partnership stands like a second attachment of chattels in the hands of a third person as trustee, or a second attachment of real estate or bulky articles.

The plaintiff cannot maintain his action, because, if the defendant's attachment was not good, it was because the property was in Sheriff Flanders's possession, and it was so found by the referee. The gist of the action is disturbance of possession.   *Jewell* v. *Mahood*, 44 N. H. 474; *Brown* v. *Manter*, 22 N. H. 472; *Robertson* v. *George*, 7 N. H. 306; *Anderson* v. *Nesmith*, 7 N. H. 167. According to the report, the only person whose possession was disturbed was Sheriff Flanders, and he is the only person who could maintain this action.   He makes no claim; the referee finds nothing to show damage to him, or that he ever objected in any way to the defendant's possession of the store with him.   The plaintiff cannot maintain this action, because everything that the defendant did was with the consent and assistance of H. Russell, an equal owner with the plaintiff.   The right to occupy this *locus in quo* was in Russell & Fellows equally.   Russell, then, having this undisturbed right to the possession of this *locus* equally with the plaintiff, preferred to have his private property pay private debts first, and admitted the defendant to attach his interest, and assisted him in all he did afterwards.   No attempt was ever made by the defendant or Russell to exclude Fellows from an equal possession with them.   The case shows no act that would sustain trespass *qu. cl.* if the original entry was lawful; and this the referee's finding would seem to admit.   If a person have authority, in fact, to make an entry, and the party exceed that authority, he will not be liable in *trespass quare clausum.*   *Jewell* v. *Mahood*, 44 N. H. 474; *Brown* v. *Manter*, 22 N. H. 472.   The case shows that

the plaintiff's damages, if any, were as a member of the firm of Russell & Fellows, and the action should have been brought in their names. If the plaintiff can recover, it would make the defendant pay Russell indirectly for damages as a trespasser when he consented to the act, and assisted in it.

*W. W. Flanders* and *H. W. Greene,* for the plaintiff.

ALLEN, J. Russell and the plaintiff were copartners in trade in a country store. Flanders, a deputy sheriff, having a writ against Russell, attached his interest in the partnership property, took possession of the store, and made the plaintiff his keeper. The defendant, another deputy sheriff, against the plaintiff's objection and with knowledge of what Flanders had done, with Russell's consent who opened the store, attached or undertook to attach the same goods, paying no attention to Flanders's attachment, and putting in a keeper of his own. Subsequently, the defendant surrendered possession of the store and stock of goods, and Flanders, by consent of Russell's creditors, sold the goods.

By Flanders's attachment of the goods on a writ against Russell, Russell was excluded from the possession. When the goods were attached, the plaintiff, who was joint owner of the goods with Russell, by becoming the sheriff's keeper, surrendered his possession as owner, and had possession of the store and goods as the sheriff's keeper. He was bailee of the officer making the attachment, and as such might maintain trespass against any one who interfered with or disturbed his possession. *Poole* v. *Symonds,* 1 N. H. 289; *Hartford* v. *Jackson,* 11 N. H. 145, 147. The plaintiff, having surrendered his possession of the goods as owner, that an attachment might be made, the attachment gave Flanders a valid lien on the goods to the extent of Russell's interest, and a second attachment could not be made by another officer while the goods were in the possession of Flanders or the plaintiff as his keeper. *Odiorne* v. *Colley,* 2 N. H. 70; *Sinclair* v. *Tarbox,* 2 N. H. 135. Russell, being excluded from the possession by the first attachment, could not, by any act or consent of his, let in the defendant so that a valid attachment could be made by him. Even if the property had come back to the hands of the debtor, Russell, there being no design to relinquish the first attachment, the defendant, having knowledge of a subsisting attachment, could acquire no rights by a seizure of the goods against the first attachment. *Young* v. *Walker,* 12 N. H. 502, 507. *Carpenter* v. *Cummings,* 40 N. H. 158, 171; *Houston* v. *Blake,* 43 N. H. 115, 117; *Cooper* v. *Newman,* 45 N. H. 339, 342. The plaintiff, being in possession of the property as keeper of an officer having a valid attachment, is entitled to a recovery against the defendant for the disturbance of that possession.

The plaintiff cannot recover damage as owner of the goods.

Having, as owner, consented to the first attachment, any damage to him by reason of the disturbance of the business and loss of trade cannot be recovered; and the goods and possession of the store being returned to him by the defendant, no special damage to him, as keeper, is shown.   On the facts reported, the plaintiff can recover only nominal damages.

*Judgment on the report for nominal damages.*

STANLEY, J., did not sit: the others concurred.